HENRY O. PAGE *versus* FREDERICK LEWIS.

A justice of a Town Court is not, by holding that office, rendered incompetent to serve as a juror at the Supreme Judicial Court or District Court.

ONE of the jurors, who rendered the verdict on the trial of this cause, was a justice of the town court of the town wherein he resided. This fact was unknown to the presiding Judge until the close of the term.

The verdict was for the plaintiff, and the defendant moved to set it aside, because one of the jurors who gave the verdict was a justice of a town court.

*Williamson* and *Palmer,* for the defendant.

*Kelley* and *Heath,* for the plaintiff.

On a subsequent day, at the same term, it *was held by the Court,* TENNEY J. being absent, holding the Court in the county of Washington, that a justice of a town court was not exempted by Rev. St. c. 135, § 3, from serving as a juror. That statute exempts only Judges of the "common law courts." The statute does not define what is to be considered a common law court, and we must therefore go to the common law for the definition. And by the common law, the town court, departing in many respects from the rules of common law, such for instance, as in the number of jurors, is not a court of common law.

*The motion for a new trial is overruled.*